IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HIEN DUY VU                                          :
                                                     :
                          Petitioner,                :      3:26-cv-1416
                                                     :      (JUDGE MARIANI)
            v.                                        :
                                                     :
TODD BLANCHE, Acting Attorney                        :
General, *et al.*,                                   :
                                                     :
                          Respondents.               :

## MEMORANDUM OPINION

### I.      BACKGROUND

Petitioner Hien Duy Vu ("Petitioner"), a citizen of Vietnam who entered the United States in 1991 and became a lawful permanent resident, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained within the Middle District of Pennsylvania and names as Respondents Todd Blanche, Acting Attorney General, Markwayne Mullin, Secretary of DHS, Todd Lyons, Acting Director of ICE, Michael Rose, Philadelphia ICE Field Office Director, and Jessica Sage, Warden of FCI Lewisburg. (*Id.*, ¶¶ 20-24).

In the petition, Petitioner raises constitutional, statutory, and regulatory claims. Specifically, Petitioner claims that his detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1231(a)(6), and 8 C.F.R. § 241.13 because his detention has exceeded six months and his removal to Vietnam is significantly unlikely in the reasonably

foreseeable future. (*Id.*, ¶¶ 54-106). Respondents oppose the petition. (Doc. 5). For the reasons that follow, the Court will grant the petition.

Petitioner is a 53-year-old Vietnamese national who entered the United States as a refugee on July 8, 1991, and was thereafter granted lawful permanent resident status. (Doc. 1, ¶ 3). In 2002, Petitioner was convicted of assault with a deadly weapon and ordered removed. (*Id.*, ¶ 4). Petitioner's 2002 conviction underlying his removal order was vacated on October 30, 2025, by the California Superior Court. (*Id.*, ¶ 4). He thereafter moved to reopen his case before an Immigration Judge ("IJ").[1] (*Id.*, ¶ 4).

On March 28, 2002, ICE requested, and could not obtain, a travel document from Vietnam. (*Id.*, ¶ 5). On June 24, 2002, Petitioner was released from custody on an Order of Supervision, which he alleges he has fully complied with for the past 23 years. (*Id.*, ¶ 6).

On May 29, 2025, Petitioner was detained by ICE at his scheduled check-in and has remained detained since. (*Id.*, ¶ 7). ICE obtained travel documents for Petitioner from Vietnam in December 2025. (*Id.*, ¶ 8). After the IJ denied his motion to reopen, Petitioner appealed to the Board of Immigration Appeals ("BIA"), who granted his emergency motion to stay and stayed Petitioner's removal to Vietnam. (*Id.*, ¶ 9). The BIA has not ruled on Petitioner's motion to reopen. Petitioner alleges that he has been detained by ICE for over

---

[1] "An alien ordered to leave the country has a statutory right to file a motion to reopen his removal proceedings." *Mata v. Lynch*, 576 U.S. 143, 144 (2015) (citing 8 U.S.C. § 1229a(c)(7)(A)). "A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstance since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12 (2008). A motion to reopen is "an important safeguard intended to ensure a proper and lawful disposition of immigration proceedings." *Kucana v. Holder*, 558 U.S. 233, 242 (2010) (internal citation and quotation marks omitted).

a year and that it is likely that his motion to reopen will be granted by the BIA.  (*Id.*, ¶ 10).

Petitioner further alleges that Respondents failed to remove Petitioner to Vietnam in the 23

years since the issuance of his removal order and cannot remove him now because of the

BIA's stay of removal remains in place.  (*Id.*).  Accordingly, Petitioner claims that

Respondents cannot demonstrate any significant likelihood of removal in the reasonably

foreseeable future.  (*Id.*).

## II.    **STANDARD OF REVIEW**

Absent suspension, the Constitution guarantees the availability of the writ of habeas

corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S.

507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Pursuant to 28 U.S.C. § 2241, a

federal district court may grant a habeas petition where a petitioner's immigration detention

is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that §

2241 habeas corpus proceedings remain available as a forum for statutory and

constitutional challenges to post-removal-period detention.").  Historically, "the writ of

habeas corpus has served as a means of reviewing the legality of Executive detention, and

it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289,

301 (2001).  Claims brought by immigration detainees seeking relief from their confinement

"fall within the core of the writ of habeas corpus."  *Trump v. J.G.G.*, 604 U.S. 670, 672

(2025).  It is well established that a federal habeas corpus petitioner generally has the

burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

In the petition, Petitioner alleges that his detention has exceeded twelve months and his removal to Vietnam is significantly unlikely in the reasonably foreseeable future.[2] Respondents oppose the petition, claiming that Petitioner's petition "is devoid of any reason to suggest that his removal will not take place within the reasonably foreseeable future." (Doc. 5 at 9). Respondents further assert that ICE is in possession of the necessary travel documents for Petitioner and that once the BIA resolves his motion to reopen, ICE will effectuate his removal to Vietnam shortly thereafter. (*Id.*).

### Section 1231(a) and *Zadvydas*

8 U.S.C. § 1231(a) "governs the detention, release, and removal of individuals ordered removed." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). "Once an alien

---

[2]    Although not raised by either party, the Court has jurisdiction to consider the issues raised in the petition. *See Khalil v. President, United States*, 164 F.4th 259, 277-79 (3d Cir. 2026) (holding that detention specific claims, like length and conditions of confinement do not "arise from" removal proceedings and can be addressed by district courts); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (declining to interpret 8 U.S.C. § 1252(b)(9) in an "extreme way that would also make claims of prolonged detention effectively unreviewable"). Nor does 8 U.S.C. § 1252(g) bar this Court's jurisdiction because Petitioner is not asking this Court to stay the execution of his removal order. *Tazu v. Att'y Gen., United States*, 975 F.3d 292, 296-98 (3d Cir. 2020). Rather, Petitioner brings a detention specific claim seeking to remedy his unlawful executive detention by asserting that his removal to Vietnam is not significantly likely in the reasonably foreseeable future and, as such, his detention is no longer authorized by 8 U.S.C. § 1231(a)(6). Moreover, Petitioner is not required to exhaust his administrative remedies. *See Jaleel v. Sage*, 2026 WL 1234846, at *2 (M.D. Pa. May 5, 2026) (exhaustion of administrative remedies "would be pointless" where petitioner "is detained under 8 U.S.C. § 1231, which precludes immigration judges from holding a bond hearing").

4

is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "The statute provides that the Government 'shall' detain noncitizens during the statutory removal period." *Arteaga-Martinez*, 596 U.S. at 578; *see also Guzman Chavez*, 594 U.S. at 528 ("During the removal period, detention is mandatory.")

"After the removal period expires, the Government 'may' detain only four categories of people:  (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specific grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal." *Arteaga-Martinez*, 596 U.S. at 578-79 (citing 8 U.S.C. § 1231(a)(6)). "Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue for those who fall within the four designated statutory categories." *Arteaga-Martinez*, 596 U.S. at 579.

In *Zadvydas* the Supreme Court found that a statute "permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690. To avoid those concerns, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also Clark v. Martinez*, 543 U.S. 371, 384 (2005) (clarifying *Zadvydas* and noting that the "the statute should be read (in line with the other plausible reading) to authorize detention *only for a period consistent with the purpose*

*of effectuating removal*.") (emphasis added). Detention for up to six months after a final order of removal is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.

The expiration of the six-month period "does not mean that every alien not removed must be released after six months." *Id.* Rather, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Accordingly, a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[3] *Id.* However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.

## Petitioner Satisfied His Burden

Petitioner's presumptively reasonable six-month period of detention under Section 1231(a)(6) has run over six months ago. *Zadvydas*, 533 U.S. at 701. He has been detained for over a year while the Government has attempted to effectuate his removal to Vietnam. As such, the Court finds that Petitioner's detention under 8 U.S.C. § 1231(a)(6) has become unreasonably prolonged.

---

[3]    In addition, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Att'y Gen. United States.*, 495 Fed. App'x 274, 276-77 (3d Cir. 2012) (non-precedential).

The Court further finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Souleymane v. Olsen*, 2026 WL 785596, at \*1 (S.D. Ind. Mar. 30, 2026) (granting habeas relief to petitioner with final order of removal where, as here, the BIA "has chosen to stay his removal while it considers whether to reopen his removal proceedings"). While Respondents claim it is "speculation" that Petitioner's removal to Vietnam is unlikely in the reasonably foreseeable future, it is not speculation that the BIA has stayed Petitioner's removal to Vietnam. While the stay remains in place Petitioner cannot be removed, even though ICE possesses Petitioner's Vietnamese travel documents.[4]

Nor is it speculation that Petitioner has been detained for over a year based on the DHS's decision to terminate his OSUP because it determined that changed circumstances established that Petitioner's removal to Vietnam was significantly likely in the reasonably foreseeable future. 8 C.F.R. § 241.13. Yet in the over twelve months since DHS made that determination and five months after the BIA stayed Petitioner's removal to Vietnam, he remains detained and has not been removed to Vietnam. Moreover, it is undisputed that Petitioner's sole criminal conviction supporting the 2002 removal order has been vacated by the Superior Court of California and his motion to reopen remains pending before the BIA.

---

[4]    If the BIA grant Petitioner relief, his removal proceedings would be reopened, and he could not be removed. Should the BIA deny Petitioner's motion and terminate its stay, Petitioner may appeal the denial of his motion to reopen to the United States Court of Appeals. 8 U.S.C. § 1252(b)(6); *see Mata*, 576 U.S. at 149 ("Whenever the Board denies an alien's statutory motion to reopen a removal case, courts have jurisdiction to review its decision.").

(Doc. 1, ¶¶ 35-38).  Accordingly, the Court finds that Petitioner has provided good reasons to believe his removal to Vietnam is significantly unlikely in the reasonably foreseeable future.  *See Souleymane*, 2026 WL 785596, at *3 (holding that petitioner provided good reason to believe there is no significant likelihood of removal in reasonably foreseeable future where, as here, "the government may not lawfully remove [petitioner] because the BIA has stayed his removal pending resolution of his motion to reopen his removal proceedings").  Under these circumstances and considering Petitioner has been held in custody for over a year, Petitioner has demonstrated that his removal to Vietnam is not significantly likely in the reasonably foreseeable future.

## Respondents Fail to Rebut Petitioner's Showing.

Having met his initial burden, the burden shifts to the Respondents to rebut Petitioner's showing that his removal to Vietnam is significantly unlikely in the reasonably foreseeable future.  Respondents submitted the declaration of Alex Hans under penalty of perjury and in accordance with 28 U.S.C. § 1746.  Mr. Hans is a Deportation Officer for ICE, Enforcement and Removal Operations ("ERO"), and is "assigned to the ERO detained docket" at FCI Lewisburg.  (Doc. 5-3, ¶ 1).  After recounting Petitioner's criminal and immigration history, Mr. Hans states that Petitioner was granted a travel document to Vietnam on November 7, 2025.  (*Id.*, ¶ 12).  He further avers that the only reason Petitioner has not been removed to Vietnam is because the BIA's stayed his removal while it considers Petitioner's appeal of the IJ's order denying his motion to reopen.  (*Id.*, ¶ 24).

8

The Court finds that Respondents have not satisfied their burden under *Zadvydas*. The Government relies on evidence contained in Hans Declaration that it will remove Petitioner to Vietnam once the stay is lifted. "But that is not evidence that the stay is likely to be lifted in the reasonably foreseeable future." *Souleymane*, 2026 WL 785596, at *4. Respondents appeal to the BIA has been pending since January 8, 2026. (Doc. 1, ¶ 42). Respondents provide no insight whatsoever as to when the BIA may issue its decision. Under Respondents theory, they could lawfully detain Petitioner consistent with 8 U.S.C. § 1231 and due process for as long as it takes for the BIA to rule on his motion to reopen and terminate its stay of removal. But Petitioner has already been detained under Section 1231 for over a year, and there is no telling how many months or years the BIA will take to issues its decision. *See Souleymane*, 2026 WL 785596, at *3 (noting that the petitioner's motion to reopen "has been pending for *more than four years*") (emphasis in original). Neither 8 U.S.C. § 1231(a)(6) nor the Constitution permit such a result.

Furthermore, Respondents reliance on the Hans Declaration and documents attached thereto demonstrating that Vietnam has issued travel documents for Petitioner do not show that Petitioner's removal to Vietnam is significant likely in the reasonably foreseeable future. (Docs. 5-3, 5-6, 5-7). ICE has twice attempted to remove Petitioner to Vietnam—on November 23, 2025, and again on January 12, 2026. (Doc. 7 at 1). It has not been successful to date and cannot lawfully remove Petitioner to Vietnam while the BIA's stay is in effect.

9

Nor do Respondents attempt to explain why efforts to remove Petitioner from the United States for the past twenty-three years have been unsuccessful. *See Thach v. English*, 2026 WL 1109344, at *2 (N.D. Ind. Apr. 26, 2026) (granting petition where government failed to rebut showing that petitioner's removal was unlikely in the reasonably foreseeable future and the respondent "does not explain why efforts to remove Thach to Vietnam will be successful now when they were unsuccessful in 2012"). Because Respondents fail to rebut Petitioner's showing that his removal to Vietnam is significantly unlikely in the reasonably foreseeable future, the Court will grant Petitioner's habeas petition.[5] Petitioner's detention under 8 U.S.C. § 1231(a)(6) has exceeded twelve months consecutively and is beyond the period "reasonably necessary to bring about [his] removal from the United States." *Zadvydas*, 533 U.S. at 689 (2001).

## Habeas Remedy

As a remedy, Petitioner seeks his immediate release from custody. A noncitizen with a final order of removal may be released from custody but that release "may and should be conditioned on any of the various forms of supervised release that are

---

[5]    Petitioner also raises claims of ICE's noncompliance with its own regulations. Regulations "promulgated around the time, and after, the *Zadvydas* decision established a series of processes for determining whether an alien should be released from custody after the expiration of the ninety-removal period." *Alexander*, 495 Fed. App'x at 277 (citations omitted). These regulations include 8 C.F.R. § 241.4 ("Continued detention of inadmissible, criminal, and other aliens beyond the removal period," and 8 C.F.R. § 241.13 ("Determination of whether there is a significant likelihood of removing a detained alien in the reasonably foreseeable future."). "A failure to satisfy *Zadvydas* may not necessarily be fatal to an alien's ability to prevail on alternative grounds predicated on the regulatory non-compliance." *Alexander*, 495 Fed. App'x at 277. Because Petitioner has satisfied *Zadvydas*, the Court declines to consider the remaining claims raised in the petition.

appropriate in the circumstances." *Zadvydas*, 533 U.S. at 700. The Court will order Respondents to release Petitioner from custody within 48 hours and to restore the conditions of his prior OSUP. *See Nam Van Phan v. Warden*, 2026 WL 1080390, at *6 (M.D. Pa. Apr. 21, 2026) (granting petition and ordering release from custody and restoration of "the conditions of his prior supervisory release"); *see also Wazir v. Att'y Gen. U.S.*, 2026 WL 1122610, at *4 (M.D. Pa. Apr. 24, 2026) (ordering release and finding that petitioner "shall be subject to the terms of supervision in 8 U.S.C. § 1231(a)(3) and attendant regulations").

Petitioner's request for fees and costs under the Equal Access to Justice Act will be held in abeyance pending the receipt of a fee petition. *Michelin v. Warden Moshannon Valey Corr. Cent.*, 169 F.4th 418 (3d Cir. 2026) (allowing fees under EAJA in immigration habeas proceedings under 28 U.S.C. § 2241)

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge

11